# O'Hara *v.* The State.

*Indictment for Doing Business without License.*

1. *License tax on auctioneers, constitutional.*—The act of the Legislature imposing license tax on auctioneers in amounts varying according to the population of the cities and towns where they do business, is not unconstitutional.

2. *Amending an Act, when not void.*—An Act amending the revenue laws is not void because amendments thereto adopted by the senate in its passage, were not passed by the house of representatives by an aye and nay vote of the majority of the house.

3. *Misprision which corrects itself.*—When the journal of the house of representatives recites that the speaker signed certain bills "whose titles are set out in the foregoing message from the Senate," and it is made to appear that no Senate message requesting the Speaker to sign bills was before the House when the Speaker is stated in the journal to have signed the bills whose titles are set out in the foregoing message from the Senate, but that there had been such Senate message before the House just before the report of the committee on

[O'Hara v. The State.]

enrolled bills was presented, and it had been disposed of, and that afterwards the report of the committee on enrolled bills was presented and acted on, and that in it and in it alone were set out the titles of the only bills then before the house for the signature of the speaker, and that it contained, among others, a particular bill, the words "message from the Senate" was patently a misprision as to that bill, which corrects itself on the face of the journal, and the entry is to be read "report of committee on enrolled bills."

APPEAL from the City Court of Montgomery.
Tried before the Hon. A. D. SAYRE.
The facts are fully stated in the opinion.

GORDON McDONALD, for appellant.

CHAS. G. BROWN, Attorney General, contra.

McCLELLAN, C. J.—The appellant, James O'Hara, was indicted, tried and convicted for doing business as an auctioneer in the city of Montgomery without a license, in violation of section 35 of the "Act to amend the revenue laws of the State of Alabama," approved February 18, 1897, (Acts 1896-7, p. 1505.) The defendant demurred to the indictment on the ground that said act is unconstitutional and void, assigning (1) that it is an attempt to discriminate between individuals engaged in the same occupation, in that it imposes a license tax on some auctioneers, and does not impose it upon others; (2) that said act was not passed by the General Assembly for that it is not shown by the journal of the House of Representatives to have been signed by the speaker thereof in the presence of the house, and (3) that the journals of the house show that amendments to said act passed by the senate were not adopted by an aye and nay vote of the majority of the House of Representatives. The demurrer was overruled; and that action of the city court is the only matter presented for review by this appeal.

There is no merit in the first assignment of demurrer above stated, Phoenix Carpet Co. v. State, 22 So. Rep., 627, s. c., 118 Ala. 143; nor in the third. Ex parte Howard-Harrison Iron Co., 119 Ala. 484.

Whether the act was signed by the speaker in the presence of the house, the inquiry raised by the second assignment, is to be determined by an examination of the journal of the house, upon which the organic law requires the fact of signing to be entered. Const., Art. 4, § 27.

Bearing upon and directly upon this matter, the house journal shows the following: First, a message from the senate to the house, beginning thus: "Senate Chamber, February 18, 1897. Mr. Speaker: The president of the senate, in the presence of the senate, having signed the following bills, your signature thereto is requested." Then follows the identification of fifteen or twenty senate bills by their numbers and captions; and the message is signed: "John F. Proctor, Secretary." Immediately after this is the following: "Signing Bills. The speaker of the house, in the presence of the house, immediately after their titles had been publicly read by the clerk, signed the bills whose titles are set out in the foregoing senate message." And immediately succeeding this, the journal continues as follows: "Enrolled Bills. Mr. Speaker: The committee having examined the following house bills, find them correctly enrolled: H. 782. An act making it unlawful for Fire, Fire Marine and Marine Insurance companies not organized under the laws of the State of Alabama; but legally licensed to transact Fire, Fire Marine and Marine Insurance therein and doing business therein through regularly commissioned agents to place or cause to be placed, insurance against loss by fire or property in this State, except through agents located in the State legally authorized to write policies of insurance therein and prescribing penalties for violation of same; also, to prescribe further conditions to be complied with by Fire, Fire Marine and Marine insurance companies before receiving licenses to do business in this State; H. 891. To incorporate the Mercy Home of Birmingham, Alabama, and prescribe its corporate rights and privileges; H. 1078. For the improvement of roads and bridges in Tuscaloosa county; H. 1102. To amend sub-division 15, Article I, section 629 of the Code, so far as the same relates to Barbour

county; H. 1153. To establish a separate school district in Chambers county in this State; H. 824. To constitute the city of Luverne, in Crenshaw county, a separate free school district for children and to provide for the management of said free school in said school district; H. 1057. To provide for the payment out of the convict funds for certain items of cost in felony cases, to fix the amount of said items, to prescribe the extent to which such cost will be paid, and the manner of paying them; H. 506. Making the fees of the officers of the court arising from certain criminal cases in Randolph county, a claim and charge against the fine and forfeiture fund of said county, and to provide for their registration and payment; H. 632. To make appropriation for the expenses of the encampment of the Alabama National Guards for the years 1897 and 1898; H. 1099. To incorporate the Land Bank and the Farmers' Mutual Aid Association of America; H. 1103. To establish a new charter for the town of Clayton, Alabama; H. 128. To fix the compensation of not more than two regular bailiffs of the crimnal, city and circuit courts of Jefferson county, and to provide for its payment; H. 461. To amend sections 1 and 2 of an act entitled an Act to amend sections 1, 2 and 11 of an act entitled an act to regulate the practice of pharmacy and the sale of poisons in towns and cities of more than one thousand inhabitants in the State of Alabama, approved February 25th, 1889, and to amend sections four, six, eight and nine of an act entitled an act to regulate the practice of pharmacy and the sale of poisons in cities and towns of not more than one thousand inhabitants in the State of Alabama, approved February 28th, 1887; H. 521. To more effectively protect the people against combinations, conspiracies and agreements between insurers, whereby rates of insurance are raised or fixed; H. 1190. To authorize the court of county commissioners of Chambers county, Alabama, to issue and sell bonds of said county to an amount not exceeding $25,000, for the purpose of building a new court house for said county; H. 972. To amend the revenue law of the State of Alabama. Joint Resolution. To appoint a commission to ascertain and report to the next General Assembly whether the State

of Alabama is justly and equitably indebted to the University of Alabama in an amount exceeding that now recognized by the State as an endowment fund; H. 1157. To establish a separate school district in Chambers county, in this State. L. P. Troup, Chairman. Signing Bills. The speaker of the house, in the presence of the house, and immediately after their titles had been publicly read by the clerk, signed the bills whose titles are set out in the foregoing message from the senate."

The act of February 18, 1897, "To amend the revenue laws of the State of Alabama," originated in the house, and was house bill 972, and by its number and title it was reported by the committee on enrolled bills as having been correctly enrolled, in the report copied last above. That all the bills embraced in that report are shown by the journal to have been signed by the speaker there can be no serious question. As is made to appear above, no senate message requesting the speaker to sign bills was before the house, when the speaker is stated in the journal to have signed the bills "whose titles are set out in the foregoing message from the senate." There had been such senate message before the house just before this report of the committee on enrolled bills was presented, but that senate message had been acted upon and disposed of, the bills named in it had been duly signed by the speaker before this report was made. When that had been done, the report was made of the correct enrollment of divers house bills, including number 972, "To amend the revenue laws of the State of Alabama." In that report and in it alone were set out the titles of the only bills then before the house for the signature of the speaker. That report was the only paper of any kind "foregoing" the entry of signing bills on page 1319 of the printed journal and setting out titles of bills. The entry could not, therefore, have possibly referred to anything else than that report, nor to the titles of any other bills than those set out in that report. The use of the words "message from the senate," instead of the words "report of the committee on enrolled bills" in said entry was patently a mere clerical misprision which corrects itself on the face of the journal; and the entry is to be read as if the latter, instead of the former words

·had been employed in it. Our conclusion is, therefore, that the journal of the house does affirmatively show "the fact of signing of house bill No. 972, "To amend the revenue law of the State of Alabama;" and that the city court properly overruled the demurrer to the indictment. Affirmed.