(No. 15249.—Decree reversed.)
JAMES F. McGRATH *et al.* Appellees, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed October 20, 1923.*

1. MUNICIPAL CORPORATIONS—*making a classification is primarily a legislative question.* The making of a classification for a graded occupation tax is primarily a legislative question for the city council, and to authorize a court to interfere it must appear that the classification is arbitrary and unreasonable, and that there is no fair reason for the same which would not require with equal force its extension to others not within its terms.

2. SAME—*provision of Chicago ordinance defining furniture-movers is valid.* The provision of the Chicago ordinance defining furniture-movers as those operating vehicles having an inside floor measure of forty-five square feet or more is not invalid in not applying to carters using smaller vehicles, as the ordinance expressly exempts furniture-movers from the carter's tax.

3. SAME—*grading feature of Chicago furniture-movers' occupation tax is not invalid.* The provision of the Chicago ordinance establishing a furniture-movers' occupation tax by requiring those operating from one to five vehicles to pay one rate, those operating from six to ten vehicles another rate, and so on, increasing the rate for each additional five vehicles, is not fair in all respects but is not so arbitrary and oppressive as to justify the courts in holding it invalid.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

SAMUEL A. ETTELSON, and FRANCIS X. BUSCH, Corporation Counsel, (LEON HORNSTEIN, FRANK W. DERBY, RUTH C. NELSON, and CORA B. HIRTZEL, of counsel,) for appellant.

JOHN GUTKNECHT, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This case presents for decision the constitutionality of an ordinance of the city of Chicago establishing an occupation tax for the privilege of engaging in the business of furniture-moving. On behalf of themselves and other persons engaged in the business, appellees filed their bill in the circuit court of Cook county asking for an injunction restraining the enforcement of the ordinance. The ordinance was held invalid, and a certificate was granted certifying that the public interest required that appeal be taken directly to this court.

The ordinance provides a graded tax for furniture-movers, who are defined by the ordinance to be persons operating one or more vehicles having an inside floor surface of more than forty-five square feet, for the moving of furniture for hire upon the public streets of Chicago. Those having five or less vehicles are required to pay an annual tax of $100, and those having from six to ten vehicles an annual tax of $200. The ordinance increases the tax at

the rate of $100 for each additional five vehicles, the highest tax being $1100 for a furniture-mover who operates more than fifty vehicles. The objections to the ordinance are that the class covered by the ordinance is arbitrarily fixed and that the method of grading the tax is unreasonable and discriminatory.

The ordinance establishes the tax for the purpose of raising revenue. The principles of law involved are not in dispute, and they have been so often stated in the opinions of this court that it seems unnecessary to cite authorities. It is well established that the question of making classifications for the purpose of enacting laws over matters within its jurisdiction is primarily for the legislative department, and it can become a judicial question only when the action of the law-making body is clearly unreasonable, arbitrary and discriminatory. Before a court can interfere with the legislative judgment it must be able to say that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched. The city of Chicago has power to establish an occupation tax, (*Harder's Storage Co.* v. *City of Chicago,* 235 Ill. 58,) and the only constitutional limitation involved here is that the tax shall be uniform as to the class upon which it operates.

It is first contended that carters who haul furniture in vehicles having an inside floor surface of less than forty-five square feet are as much furniture-movers as those who operate larger vehicles, and that this ordinance fixes an unnatural and arbitrary definition of a furniture-mover without there being any substantial difference in the carters included and the carters exempted. The ordinance specifically provides that those who are licensed under its provisions to engage in the business of furniture-moving shall be exempted from the payment of the carter's tax provided by another ordinance. Just why the city council fixed the division line at forty-five square feet of floor surface we are

not advised, nor is it necessary that the council give its reasons for making the classification as it did. It no doubt took into consideration that most vehicles used in the business of moving furniture have an inside floor surface of more than forty-five square feet, that the heavier vehicles do more damage to the streets than the smaller ones, and that the larger vehicles produce a larger income than those of less capacity. It is not possible, nor is it necessary, in a classification for governmental purposes that there be an exact exclusion or inclusion of persons and things. (*Ozan Lumber Co.* v. *Union County Nat. Bank,* 207 U. S. 251, 28 Sup. Ct. 89.) It cannot be said that there are not reasonable grounds for including within the ordinance those operating vehicles with a floor surface of more than forty-five square feet and excluding therefrom smaller vehicles, and so the provision of the ordinance defining furniture-movers is valid.

It is next contended that the grading of the tax is unequal and discriminatory because it requires the owner of one vehicle to pay as much as the owner of five, and the owner of six vehicles to pay double the amount required to be paid by the owner of five. For instance, a furniture-mover who operates a vehicle having an inside floor surface of forty-six square feet is required to pay as high a tax as his more fortunate competitor who operates five vehicles, each of a much greater capacity. One cannot help but feel the injustice of this classification, and the question presented by this objection is much more difficult of solution. In *Walker* v. *City of Springfield,* 94 Ill. 364, the provision of an ordinance which fixed a tax on the business of writing insurance in proportion to the amount of premiums collected was sustained as the proper and equitable mode of ascertaining the amount of the tax. In *Metropolis Theater Co.* v. *City of Chicago,* 246 Ill. 20, a revenue-producing ordinance which fixed an occupation tax on the business of conducting a theater and which graded the tax upon a basis

of the highest charge made for admission was sustained, the court saying: "Classification of subjects for taxation may not be made arbitrarily, but necessarily there must be great freedom of discretion, even though it result in ill-advised, unequal and oppressive legislation. A classification will be sustained where it is based upon a reasonable difference of situations or conditions." The judgment of this court was affirmed by the Supreme Court of the United States, (228 U. S. 61, 33 Sup. Ct. 441,) the court saying: "To be able to find fault with a law is not to demonstrate its invalidity. It may seem unjust and oppressive yet be free from judicial interference. The problems of government are practical ones, and may justify, if they do not require, rough accommodations,—illogical, it may be, and unscientific. But even such criticism should not be hastily expressed. What is best is not always discernible. The wisdom of any choice may be disputed or condemned. Mere errors of government are not subject to our judicial review. It is only its palpably arbitrary exercises which can be declared void." In *Clark* v. *City of Titusville,* 184 U. S. 329, 22 Sup. Ct. 382, an ordinance imposing an occupation tax upon the merchants of the city by which they were divided into classes according to the amount of their sales, each class including all whose sales ranged between a certain minimum and maximum amount, was sustained. Similar ordinances have been sustained by other courts. *City of Newton* v. *Atchison,* 31 Kan. 151, 1 Pac. 288; *In re Martin,* 62 Kan. 638, 64 Pac. 43; *Saks* v. *Birmingham,* 120 Ala. 190; *Sacramento* v. *Crocker,* 16 Cal. 119.

The city council undoubtedly had the power to create a tax upon the occupation of furniture-moving and to require all persons engaged in that business to pay the tax, regardless of the amount of business done or the number of vehicles employed. It also had the power to fix an occupation tax proportioned exactly to the number of vehicles used, requiring a certain tax to be paid for each vehicle.

If these powers be conceded, then it seems to be sound to hold that the city council had power to create an occupation tax graded according to the number of vehicles employed, by dividing the persons engaged in the occupation into groups. While men may differ with the city council with respect to the justice of the classification made by it, it seems clear that it was acting within the powers delegated to it, and we are not able to say that its action is so arbitrary and unreasonable as to render the ordinance invalid.

The decree of the circuit court is reversed.

*Decree reversed.*

---

(Nos. 14540-15438.—Reversed and remanded.)
William G. Wurn, Defendant in Error, *vs.* Joseph M. Berkson *et al.* Plaintiffs in Error.

*Opinion filed October 20, 1923.*

1. Contracts—*construction placed by the parties upon uncertain language is of great importance.* The construction placed by the parties themselves upon uncertain language of the contract is of great importance when such contract is before the courts for construction.