(105 So. 190)

**TUCKER v. STATE. (6 Div. 475.)**

(Supreme Court of Alabama. June 25, 1925.)

1. **Pawnbrokers and money lenders** ☞4—**Statute imposing additional license fee on real estate agents held applicable to one negotiating loans for commission.**

License schedule 101, p. 430, Gen. Acts 1919, imposing additional license fee on real estate agents, engaged in business of loaning money, applies to all who engage in business of lending money as an incident to real estate business, whether as broker, agent, or otherwise, and included one who negotiated loans for others for commission.

2. **Licenses** ☞7(3)—**Statute licensing real estate agents held not unconstitutional because of classification.**

License schedule 101, p. 430, Gen. Acts 1919, imposing additional license tax on real estate agents engaged in business of loaning money, *held* not unconstitutional because license fee is based on a scalage basis proportionate to population of cities and towns.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the State of Alabama against Jerome Tucker, doing business as Jerome Tucker's Real Estate Agency, to recover unpaid license. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

License schedule 101, page 430 of General Acts of 1919, is as follows:

"Schedule 101. *Real Estate Agents.*—Each person, firm or corporation engaged in buying, selling or renting real estate on commission, when such real estate is situated in this state shall pay to the state the following license tax: In cities and towns of ten thousand inhabitants and over, fifteen dollars; in cities and towns of less than ten thousand and more than five

thousand inhabitants, ten dollars; in all other places, five dollars.

"Provided that if such person, firm or corporation also engages in the business of loaning money, as an incident merely to the real estate business, they shall also pay an additional license of fifty dollars."

London, Yancey & Brower and Clara Cain, all of Birmingham, for appellant.

A person who conducts a real estate business and offers money to loan, but does not loan his own money, is not engaged in loaning money. The schedule does not apply to brokers. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, L. R. A. 1918E, 639; City of Portland v. O'Neill, 1 Or. 218; French v. City of Toledo, 81 Ohio St. 160, 90 N. E. 160, 25 L. R. A. (N. S.) 748; Little Rock v. Barton, 33 Ark. 436; Simmons v. Arnim, 110 Tex. 309, 220 S. W. 66. Acts of this character are subject to strict construction. U. S. v. Fisk, 3 Wall. 445, 18 L. Ed. 243; Cooley's Taxation, 199; Lock v. Miller, 3 Stew. & P. 13; Cooley's Const. Lim. 479; Gunter v. Leckey, 30 Ala. 591. To exact both licenses of appellant would be double taxation, in opposition to the Constitutions, federal and state. O'Neill v. Sinclair, 153 Ill. 525, 39 N. E. 124.

F. D. McArthur, of Birmingham, for the State.

The schedule is constitutional. Maury v. State, 208 Ala. 46, 93 So. 802. Classification for purposes of taxation is a matter for the Legislature, and not for the courts. 6 R. C. L. 384, 401; 2 R. C. L. Supp. 106; City Council v. Nat. B. & L. Ass'n, 108 Ala. 336, 18 So. 816; Lovejoy v. City of Montgomery, 180 Ala. 477, 61 So. 597.

PER CURIAM. [1] This appeal involves an interpretation of schedule 101, Acts 1919, p. 430, and which is set out in the case of Maury v. State, 208 Ala. 46, 93 So. 802, wherein the constitutionality of same was upheld by a majority of the court. The court is of the opinion that said subdivision applies to all who engage in the business of lending money as an incident to the real estate business, whether as broker, agent, or for themselves, and therefore includes this appellant, who was engaged in the real estate business on commission, and who admitted that he accepted application for and negotiated loans for others and received compensation therefor.

[2] The court is of the opinion that the provision is not repugnant to the Constitution because the license fee is based on a scalage basis proportionate to the population of the cities and towns.

Affirmed.

All the Justices concur.