## CITY OF MOBILE v. LA CLEDE HOTEL CO.
### I Div. 613.

Supreme Court of Alabama.
June 28, 1930.

Carl M. Booth, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

GARDNER, J.

Plaintiff corporation, operating a hotel in Mobile, paid under protest the sum of $200 required as a license for conducting such business under the city ordinance, and sued for a recovery thereof upon the theory the ordinance was void as arbitrary, discriminatory, and unreasonable. The trial court so held, and the city appeals.

The schedule of licenses as fixed by the ordinance, which appears in the report of the case, is based upon a classification as to the number of rooms in the hotel. Plaintiff vigorously argues such classification as sufficiently unreasonable and arbitrary as to condemn the ordinance, but we do not agree. The ordinance is presumptively reasonable and valid and much must be left to legislative discretion.

Counsel in brief have demonstrated some inequalities resulting in the administration of such license schedule, but, as noted by this court in Quartlebaum v. State, 79 Ala. 1, "exact equality of taxation can never be reached." The ordinance of the city of Chicago, under discussion in Metropolis Theater Co. v. Chicago, 228 U. S. 61, 33 S. Ct. 441, 443, 57 L. Ed. 730, is in principle here analogous, and in the opinion the court made the following observations here pertinent: "To be able to find fault with a law is not to demonstrate its invalidity. It may seem unjust and oppressive, yet be free from judicial interference. The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific." To the above authority may be added: McGrath v. City of Chicago, 309 Ill. 515, 141 N. E. 299; Mayor and Aldermen of Birmingham v. Goldstein, 151 Ala. 473, 44 So. 113; Ridgeway v. City of Bessemer, 9 Ala. App. 470, 64 So. 189; Republic Iron & Steel Co. v. State, 204 Ala. 469, 86 So. 65; Hale v. State, 217 Ala. 403, 116 So. 369, 58 A. L. R. 1333; Browne v. City of Mobile, 122 Ala. 159, 25 So. 223; and Ex parte Smith, 212 Ala. 262, 102 So. 122, as demonstrating the validity of the ordinance so far as the method of classification is concerned.

But to sustain the ordinance there must be uniformity of the tax burden upon those in the same class, there must be no fanciful or capricious classification. Republic Iron & Steel Co. v. State, supra; Woco Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214; Board of Commissioners v. Orr, 181 Ala. 308, 61 So. 920, 923, 45 L. R. A. (N. S.) 575.

This ordinance offends this well-recognized principle. Though disclosing a general purpose to tax all hotels by classification as above outlined, yet there is discrimination in that hotels of fifteen rooms, and those of

thirty to thirty-five rooms are not taxed. They are omitted from the schedule. Doubtless this was unintentional, and a mere oversight, but the result is their omission, exempts them from the license tax. We are dealing with a city law, and cannot supply the deficiency, for, as observed in Board of Commissioners v. Orr, supra, "It is not the business of the courts to amend municipal ordinances or lick them into shape on their own notions of convenience, feasibility, and justice, to meet the exigencies of particular cases. It is for the legislative authority, not the judicial, to classify." We can, of course, conceive of no substantial basis for such exemption classification, and none is here suggested. It must therefore be condemned as arbitrary and capricious, and thus invalidate the ordinance.

It is suggested, however, plaintiff comes within the higher class and is not affected by the omission, and therefore is not in position to complain, citing State v. Montgomery, 177 Ala. 212, 59 So. 294; Ex parte Byrd, 84 Ala. 17, 4 So. 397, 5 Am. St. Rep. 328, and Ex parte Cowert, 92 Ala. 94, 9 So. 225, among other authorities. But this argument overlooks the practical question of competition as well as plaintiff's constitutional right to conduct a useful and harmless business without being burdened with arbitrary and discriminative taxation.

It is clear, therefore, that plaintiff is affected by such arbitrary and capricious discrimination by way of exemption from taxation of those like situated in the business world, and that such discrimination suffices to invalidate the ordinance in its entirety.

We conclude the trial court correctly ruled, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.