195 So. 222

**HENRY, License Com'r, et al. v. SHEVIN-SKY.**

**6 Div. 542.**

Supreme Court of Alabama.

March 28, 1940.

294

Thos. S. Lawson, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for appellants.

A. Berkowitz and Jas. L. Permutt, both of Birmingham, for appellee.

FOSTER, Justice.

The question in this case is whether schedule 117 of section 348 of the Revenue Act of 1935, as it appears on page 488 of the General Acts of 1935, is unconstitutional because it is an arbitrary classification in that the schedule of license charges thus set out does not expressly embrace a license charge in cities between 10,000 and 15,000 population. It fixes a license charge for dealers in radios graduated according to the population of the city in which the business is conducted. Appellee is engaged in such business in Birmingham which is in the class embracing cities of over 50,000 inhabitants. All dealers in radios in such cities must pay the same amount of license.

There are two well settled principles upon which such questions must rest. One is that a license schedule must be uniform in its application to all members of the same class, and the other is that there must not be a capricious or arbitrary classification hurtful in its effect.

There is no "imperative requirement of the Constitution that taxes, other than taxes upon property, shall be uniform or equal," provided they apply uniformly and equally on all "doing business in the designated locality." Phoenix Assur. Co. v. Fire Dept. of Montgomery, 117 Ala. 631, 652, 23 So. 843, 42 L.R.A. 468; Nachman v. State Tax Comm., 233 Ala. 628(11), 173 So. 25; Frazier v. State Tax Comm., 234 Ala. 353(1), 175 So. 402.

■ Perfect equality in taxation of any kind is unattainable. It becomes offensive to the principle of equality when some individuals of a class fairly arranged are selected to carry a burden not alike operative on all of the class. Carmichael v. So. C. & C. Co., 301 U.S. 495(4), 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327; Exchange Drug Co. v. State Tax Comm., 218 Ala. 115, 117 So. 673(5).

■ It is of course well understood, and not controverted, that the State may make classes for license taxing purposes dependent upon the population of cities or counties, and fix a different amount of license for businesses in each such class. Tucker v. State, 213 Ala. 421, 105 So. 190; O'Hara v. State, 121 Ala. 28, 25 So. 622.

And the amount in each class may be further classed dependent upon some fixed standard so as not thereby to be unequal among those in each. City of Birmingham v. Goldstein, 151 Ala. 473, 44 So. 113, 12 L. R.A.,N.S., 568, 125 Am.St.Rep. 33; Republic I. & S. Co. v. State, 204 Ala. 469, 86 So. 65; City of Mobile v. LeClede Hotel Co., 221 Ala. 531, 129 So. 477.

But each such local or sub-class must be reasonable and not capricious to be sustained. This is illustrated in Mobile v. LeClede Hotel Co., supra, where a city imposed a license tax on hotels conducted in it graduated in amount according to the number of rooms, and omitted (probably by inadvertence) from the schedule such hotels as had thirty to thirty-five rooms. This was held to be capricious. The result of the license ordinance was that in the same locality hotels with thirty to thirty-five rooms paid no charge, while all others did pay some amount. But that was a license charge for doing business of the one kind in one city. All such licensees did business in the same locality. Some were thus taxed, and others were not. It is also here noted that there was no sum fixed for hotels not included in the schedule.

■ The license schedule fixed in the Revenue Act of 1935 (schedule 117) makes every dealer in each city pay the same amount. Under it one who deals in those articles in Birmingham cannot conduct such a business in any other city in the State unless he also pays a license charge in the other city according to this schedule. It is said that the cities omitted from the schedule according to the census are Fairfield, Florence, Huntsville and Phoenix City. If a person is engaged in the business in one of them, he must comply with the law applicable to them, but he cannot also engage in the same business in Birmingham unless he pays the same amount required of all such dealers in Birmingham. All the dealers in each locality are subject to the same amount of license charge.

We are not willing to apply the principle of inequality when all dealers of a commodity in Birmingham, where appellee operates, are subject to the same amount of license charge, when a different license charge is fixed in cities of lesser population, merely because, possibly by inadvertence, four cities of the State of greatly less population are omitted from the schedule; and as to them the minimum amount of three dollars has application, when if the schedule had been so that in cities of over 5,000, and not exceeding 15,000 (instead of 10,000), the amount would probably be ten dollars or at some other figure less than fifteen dollars.

■ Moreover, it is the province of the legislature to find conditions subject to legislation. When they say that the conditions are such that in cities of a certain population the license schedule should be much smaller than in others, the courts are slow to set aside that conclusion as being arbitrary.

We have reached the opinion that schedule 117, supra, is not unconstitutional on account of the attack here made, and that the decree of the trial court cannot be sustained in that respect. It is therefore reversed in that respect, and a decree here rendered declaring that said schedule is not invalid and inoperative for that same is unreasonable and arbitrary; and the decree is in other respects affirmed.

Affirmed in part, and reversed in part and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.