224 So.2d 625

Eleanor F. CUDD et al.

v.

CITY OF HOMEWOOD, a Municipal Corporation, et al.

6 Div. 627.

Supreme Court of Alabama.

May 29, 1969.

Jenkins, Cole, Callaway & Vance, Birmingham, for appellants.

Jack H. Harrison, of Beavers, Shannon, Harrison and Charles E. Sharp, of Sadler, Sadler, Sullivan & Sharp, Birmingham, for appellees.

270

**BLOODWORTH, Justice.**

Appellants appeal from a final decree of the circuit court of Jefferson County, in equity, denying relief in a declaratory judgment suit which challenged Zoning Ordinance 945, enacted by the City of Homewood, Alabama.

Complainants (appellants) are residents of Homewood who own real estate within the immediate area of the subject property which was zoned by the ordinance from a residential to a commercial classification. Respondents (appellees) are the City of Homewood and Eugene Wylie Corporation, a promoter seeking to build a shopping center on the property in question, which is located within the City of Homewood, or its police jurisdiction. It includes, viz:

"That tract of land lying in Jefferson County, Alabama, lying in Section 17, Township 18 South, Range 2 West * * *. * * * *"

A classification of "B–1 Business District" was assigned to the property by the enactment of Ordinance 945.

Complainants brought the declaratory judgment action seeking to have ordinance 945 declared invalid on grounds that it is illegal, arbitrary and capricious. The trial court denied the relief sought. From that adverse ruling the property owners appealed.

There are ten assignments of error. Assignments of error 1, 7, 8, 9 and 10 are argued together. In these assignments complainants contend that the trial court's final decree is contrary to the evidence and that the ordinance in question is illegal, arbitrary and capricious. In assignments of error 3, 4 and 5 they maintain that the City of Homewood did not have zoning authority over the subject property in that part of the property is situated wholly outside the City of Homewood.

Thus, appellants claim this appeal raises two questions: First, whether the ordinance was a proper exercise of police power under the great weight of the evidence? And, second, whether the City of Homewood has the authority to zone that part of the affected property which lies outside the city limits?

■ Initially, we note that passage of a zoning ordinance is a legislative act, and it is well established that municipal ordinances are presumed to be valid and reasonable, to be within the scope of the powers granted municipalities to adopt such ordinances, and are not to be struck down unless they are clearly arbitrary and unreasonable. City of Mobile v. La Clede Hotel Co., 221 Ala. 531, 129 So. 477.

Appellants argue the challenged ordinance was not a proper exercise of police power because it was adopted by the City of Homewood for the purpose of financial gain to it. Appellants assert the evidence shows the promoter of the shopping center proposed to the city that, if it would rezone the property which includes a park and armory, the promoter would swap a new park and a new armory site for the old sites and build thereon a shopping center which would bring in over $350,000 a year in increased taxes to the city. Appellants thus contend that the purpose of the rezoning was solely on account of a promise of direct financial gain to the city, although appellants do not impugn the "integrity of the city officials," who they say were "simply trying to make a profitable deal for the city." Appellants aver that in the exercise of rezoning there must be some substantial relationship between the ordinance of rezoning and the promotion

of public health, safety, morals and general welfare [i. e. the "police power"].

We are cited to numerous cases in support of the general proposition that financial benefit to the city is not a permissible justification for the exercise of police powers.

One of the cases cited is Willott v. Village of Beachwood (1963), 119 Ohio App. 403, 188 N.E.2d 625. In that case the Court of Appeals of Ohio reversed a lower court's decision and held that a village zoning ordinance changing single family residence property to one under which shopping centers were permitted was an abuse of discretion, void and of no legal effect. However, the decision of the Court of Appeals was reversed by the Supreme Court of Ohio at 175 Ohio St. 557, 197 N.E.2d 201, the Supreme Court of Ohio holding that such rezoning was a proper exercise of the legislative function and that judicial judgment would not be substituted for that legislative judgment in a case in which the matter in question was fairly debatable. As the court expressed itself:

"Even though the court, on the facts presented, might decide otherwise than did counsel, so long as the matter is reasonably debatable, the court has no authority to interfere. * * *"

And the court there found that the question as to whether the zoning regulations had a real or substantial relationship to public health, safety, morals or general welfare, is committed in the first instance to the judgment and discretion of the legislative body, the council.

*Willott,* supra, is in harmony with our decisions on the determination of whether zoning ordinances have a real or substantial relation to the public health, safety, morals or general welfare. See, Marshall v. City of Mobile, 250 Ala. 646, 35 So.2d 553; Leary v. Adams, 226 Ala. 472, 147 So. 391.

In a recent decision, Waters v. City of Birmingham, 282 Ala. 104, 209 So. 2d 388, we stated:

"* * * if the adoption of the ordinance raises questions upon which reasonable differences may exist in view of all the circumstances, and the wisdom of the ordinance is fairly debatable, then the action of a municipal governing body in adopting the ordinance will not be deemed arbitrary, a court being unwilling under such circumstances to substitute its judgment for that of the municipal governing body acting in a legislative capacity. * * *"

Guided by these principles the question for decision here resolves itself into this, viz: Was the passage of Ordinance 945 by the City of Homewood an "issue or matter" which was "fairly debatable"?

The word "debatable" means, "Liable to be debated; disputable; subject to controversy or contention; open to question or dispute." Webster's New International Dictionary, 2d Ed. (Unabridged). Judging from the record before us, the conclusion is inescapable that the "issue or matter" (Ordinance 945) before the City of Homewood was a "farily debatable" one.

The court below determined that the ordinance was not an illegal, arbitrary or capricious act of the City of Homewood nor was it invalid as an improper exercise of police power nor did it find the City to be without authority to zone subject property. Indulging the usual presumptions in favor of the findings of the court below, we are of the opinion that the challenged ordinance was a proper exercise of police power and was not adopted solely or principally for the purpose of financial gain to the City of Homewood.

Complainants offered evidence showing that the change in classification would occasion serious financial loss in the form of reduced property values, to the adjoining landowners, should the validity of Ordinance 945 be upheld.

In Leary v. Adams, supra, we held that:

"* * * 'Financial loss is not the test; the question is whether the scheme is sound, and the classification fair. If the question is fairly debatable, the court will not substitute its judgment for that of legislative body which creates the ordinance.'"

See, also, Episcopal Foundation of Jefferson County v. Williams, 281 Ala. 363, 202 So.2d 726.

There was also evidence that a part of subject property was being used for park and recreational purposes.[1]

Respondents introduced evidence showing that the flooding of Shades Creek which presently inundates a part of the subject property several times a year would be eliminated by means of a large drainage ditch. There was testimony that the land was unsuitable for residences because of the great expense involved in alleviating these periodic floods, and that the proposed development as a shopping center would include drainage to alleviate this condition.

It would serve no useful purpose to relate the evidence upon which we reach our conclusions. The record in this case constitutes two volumes of testimony, containing 711 pages. Exhibits are numerous. Both parties' briefs are quite extensive and very thorough. We are convinced that the issue before the City of Homewood was a fairly debatable one, and one upon which men could reasonably be expected to differ.

We have read the decisions cited by complainant, and while they may be accurate statements of the law, we feel they are not precisely in point, or are distinguishable on the facts. We find no error in assignments of error 1, 7, 8, 9, 10.

■ Complainants' second contention is that the City of Homewood had no authority whatever over all or any part of this particular parcel of land which was then outside its city limits.

Complainants admit that Homewood passed an ordinance in 1950 zoning all the land in its police jurisdiction, which included this particular parcel of land, but insists that nothing else was ever done concerning it; that it was never put on a zoning map, nothing has been built on it, and no permits ever issued with respect to it. They also maintain that in 1961 the city "overhauled" its zoning system, abolishing its former classifications and that the action of the city council in adopting Ordinance 945 constituted "the first assertion of any authority over this particular triangle since the sole previous act occurred in 1950 * * *." Complainants contend that "* * * authority over the parcel in question was probably in the county, possibly in Mountain Brook, but clearly not in Homewood."

Respondents contend that not only did the City of Homewood exercise zoning jurisdiction for many years over this property prior to 1950, but that by adoption of Ordinance 356 on February 13, 1950, the City of Homewood specifically exercised zoning jurisdiction over the property in question. There was proof before the trial court that Act No. 421, Gen. and Loc. Acts of Alabama 1949, which became effective August 16, 1949, and which is now found at § 970 in Vol. 14, Appendix, Recompiled Code of Alabama 1958, grants authority to counties of above 400,000 population to zone areas of the county, but excluding police jurisdictions where a municipality is either exercising zoning jurisdiction or shall do so within 180 days after the effective date of the act. Proof before the trial court was that Ordinance 356 was adopted within 180 days of the effective date of the act. (We judicially know that this act applied to Jefferson County.)

Complainants argue that since the City of Homewood failed to comply with Vol.

[1]. No issue relating to this use is before us on this appeal. An appeal is pending in this court regarding the use as a park in O'Rorke et al. v. City of Homewood, etc., et al., 6 Div. 553.

14, Recompiled Code of Alabama 1958, § 984, which empowers the governing body of municipalities to enact a "comprehensive zone map or maps of such municipality, and its police jurisdiction over which it exercises zoning jurisdiction under the provisions of * * * [§ 614 of this Appendix] * * *" then the authority over the subject property vested in Jefferson County.

■ Respondents in answer say, and we think properly so, that the provisions of law permitting municipalities to adopt a comprehensive zoning map is permissive but not mandatory.

We agree with respondents' contention that no evidence was presented in the court below to show that Jefferson County or Mountain Brook had ever exercised any zoning jurisdiction over the subject property. In fact, in the case of Zoning Board of Adjustment of City of Mountain Brook, Alabama et al. v. Wright et al., 283 Ala. 654, 220 So.2d 261, involving property lying contiguous to subject property and which is proposed as part of the same shopping center, we found specifically that the City of Mountain Brook had refused to exercise zoning jurisdiction over any property outside of the property in that suit.

■ The court below heard the testimony orally, and we feel constrained to follow its findings of fact unless the weight of the evidence is so opposed to its decision as to convince us that its findings were plainly and palpably erroneous. We are bound to indulge all reasonable presumption in favor of the trial court's findings. Howell v. Hallett Mfg. Co., 278 Ala. 316, 178 So.2d 94.

We have carefully studied the assignments of error argued herein, and are of the opinion that the decree of the trial court should be affirmed.

Affirmed.

·LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.