The plaintiffs, Michael Ryan, Katherine Ryan, A.C. McDonald, Pauline Stuart, and Laverne Garner, appeal from a summary judgment for the defendants, the Trotman Company, Inc. ("Trotman"), and the City of Bay Minette, in this action to enjoin a commercial real estate development alleged to be in violation of a city zoning ordinance. We reverse and remand.
The plaintiffs own residential property on Seventh Street in the City of Bay Minette ("the city"). Trotman has obtained the city's approval to construct a shopping center across the street from the plaintiff's property.[1] There is no dispute that the property to be developed is zoned commercial, and the plaintiffs have not questioned the validity of any zoning ordinance. The plaintiffs argued to the trial court that the development, as proposed, would violate § 9.73 of the city's "Land Use and Development Ordinance," which provides, in pertinent part, as follows:
 "In all nonresidential districts where facilities are permitted, they shall comply with the following minimum standards:
". . . .
 "No primary entrances or exits shall direct traffic into adjacent residential or business districts."
The plaintiffs contended that the entrances and exits planned for the development on Seventh Street were "primary" in nature, and that the placement of those entrances and exits, as proposed, would direct traffic into their neighborhood.[2] The plaintiffs' complaint contained a request, pursuant to Rule 39, Ala.R.Civ.P., for an advisory jury to assist the trial court in deciding whether the ordinance would be violated by the construction of the shopping center.
The defendants moved for a summary judgment, arguing as follows:
 "This Court's review of municipal zoning and planning decisions is narrow and is subject to the 'fairly debatable' standard. The evidence in this case is clear that the decision made by The City of Bay Minette governing authorities regarding the approval of the proposed development is fairly debatable. This Court should not disturb the decisions of a municipality acting in this legislative capacity.
 "In addition to the above, the proposed development does not violate § 9.73 of the Bay Minette Land Use Development Ordinance as claimed by the plaintiffs in their complaint. The affidavit of Don Brady, Executive Director of the South Alabama Regional Planning Commission, as well as the affidavit of Darrell Skipper, Traffic Engineer for Rust Environment and Infrastructure, conclusively establish that the entrances and exits onto Seventh Street from the proposed development are not 'primary entrances and exits,' and therefore not violative of the provision."
(Emphasis in original.) The plaintiffs filed the affidavits of two expert witnesses in response to the defendants' summary judgment motion. The trial court entered a summary judgment for the defendants, without explanation. *Page 43 
The defendants restate the arguments they made to the trial court in support of their summary judgment motion — that the undisputed evidence established that the development, as proposed, would not violate § 9.73 of the ordinance and, in the alternative, that, even if the evidence was disputed as to whether the entrances and exits planned for Seventh Street were "primary" or "secondary" in nature, the validity of the city's decision to approve the development was "fairly debatable" and, thus, not subject to judicial intervention.
The plaintiffs contend that a factual question was presented as to whether the ordinance would be violated by placing the proposed entrances and exits on Seventh Street. The plaintiffs further contend that the "fairly debatable" standard was not applicable; they argue, instead, that the city's approval of the development was an administrative decision that was subject to judicial intervention to ensure its compliance with § 9.73 of the ordinance. We agree.
The defendants cite several cases for the proposition that "zoning and planning decisions are legislative functions committed to the sound discretion of municipal legislative bodies, not to the courts." In Homewood Citizens Association v.City of Homewood, 548 So.2d 142, 143-44 (Ala. 1989), this Court discussed the broad authority that municipal bodies have in making legislative zoning decisions:
 "When a municipal body acts either to adopt or to amend a zoning ordinance, it acts in a legislative capacity and the scope of judicial review of such action is quite restricted. Woodard v. City of Decatur, 431 So.2d 1173 (Ala. 1983); City of Gadsden v. Downs, 412 So.2d 267
(Ala. 1982). The restricted role in reviewing the validity of a zoning ordinance or regulation has been stated as follows:
 " 'Zoning is a legislative matter, and, as a general proposition, the exercise of the zoning power should not be subjected to judicial interference unless clearly necessary. In enacting or amending zoning legislation, the local authorities are vested with broad discretion, and, in cases where the validity of a zoning ordinance is fairly debatable, the court cannot substitute its judgment for that of the legislative authority. If there is a rational and justifiable basis for the enactment and it does not violate any state statute or positive constitutional guaranty, the wisdom of the zoning regulation is a matter exclusively for legislative determination.
 " 'In accordance with these principles, it has been stated that the courts should not interfere with the exercise of the zoning power and hold a zoning enactment invalid, unless the enactment, in whole or in relation to any particular property, is shown to be clearly arbitrary, capricious, or unreasonable, having no substantial relation to the public health, safety, or welfare, or is plainly contrary to the zoning laws.'
 "82 Am.Jur.2d Zoning and Planning § 338 (1976) at 913-14.
 "The standard of review used to determine whether a zoning ordinance is arbitrary and capricious was stated by this Court in City of Tuscaloosa v. Bryan, 505 So.2d 330, 336 (Ala. 1987):
 " 'If the adoption of the ordinance raises questions upon which reasonable differences may exist in view of all the circumstances, and the wisdom of the ordinance is fairly debatable, then the action of a municipal governing body in adopting the ordinance will not be deemed arbitrary, a court being unwilling under such circumstances to substitute its judgment for that of the municipal governing body acting in a legislative capacity. Cudd v. City of Homewood, 284 Ala. 268, 224 So.2d 625 (1969).' "
The present case, however, does not involve the validity of a zoning ordinance. Under the traditional view of zoning, a city, after hearings and as the result of studies, may, as a matter of legislative policy, designate certain municipal areas for residential use, some for commercial use, and some for variations on those uses that are compatible with the objectives the municipality is seeking to achieve. See City ofTuscaloosa v. Bryan, 505 So.2d 330, 336 (Ala. 1987). The plaintiffs, by seeking injunctive relief, have *Page 44 
not called into question the city's legislative authority to create certain "use" zones within its corporate limits. Instead, the issue presented is whether the development, as approved by the city, would violate one of the city's zoning ordinances. When it approved Trotman's proposed development, the city was clearly acting in an administrative, not a legislative, capacity. The validity of its decision was, therefore, not subject to the "fairly debatable" standard. See, e.g., Boulder Corp. v. Vann, 345 So.2d 272, 275 (Ala. 1977), wherein this Court explained:
 "The authority of the [Mountain Brook] Planning Commission to exercise control over subdivision of lands within the municipality is derived from the legislature. Title 37, § 786, et seq., Code. It is authorized to adopt regulations not inconsistent with the statutes. The Mountain Brook Planning Commission has adopted such regulations. In exercising its function approving or disapproving any particular subdivision plat, the Commission acts in an administrative capacity, and is bound by any limitations on its authority contained in the legislation authorizing it to act, as well as any restrictions contained in its own regulations."
See, also, City of Tuscaloosa v. Bryan, supra (the city's approval of a planned unit development that did not comply with the conditions and requirements of the ordinance governing such developments was held to deprive the plaintiff residential property owners of procedural due process); Kennon Associates, Inc. v. Gentry, 492 So.2d 312 (Ala. 1986) (city's rezoning decision held invalid for failure to comply with the notice requirements set out in a comprehensive zoning ordinance); Smith v. City of Mobile, 374 So.2d 305, 307 (Ala. 1979) ("[o]nce a planning commission has properly exercised its authority in drafting ordinances regulating subdivision development, it is bound by those ordinances"); LynnwoodProperty Owners Association v. Lands Described in Complaint,359 So.2d 357 (Ala. 1978) (a municipal legislative body is bound to follow the regulations it has adopted, in the exercise of its delegated legislative power).
The record contains three affidavits from expert witnesses. One of those affidavits (from Darrell Skipper, a registered engineer with Rust Environment and Infrastructure) supports the defendants' position that the entrances and exits planned for Seventh Street are "secondary" in nature and would not direct traffic into the plaintiffs' neighborhood. However, the other two affidavits (one from Connie B. Cooper, the president of a consulting company, who holds a master's degree in urban and regional planning, and one from James H. Lane, who holds bachelor's, master's, and Ph.D. degrees in civil engineering) support the plaintiffs' position that the entrances and exits are "primary" in nature and would route traffic onto Seventh Street. Our examination of the plaintiffs' affidavits indicates that the credentials of the plaintiffs' witnesses go to the weight, not to the admissibility, of the testimony. These affidavits and the site plan included in the record indicate that the plaintiffs have legitimate concerns that the development, as proposed, may direct traffic, including heavy truck traffic (delivery trucks), onto Seventh Street. Because a factual question was presented as to whether the development as proposed would violate § 9.73 of the city's land use and development ordinance, the trial court erred in disposing of the plaintiffs' claim by summary judgment. Rule 56, Ala.R.Civ.P.
For the foregoing reasons, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, and INGRAM, JJ., concur.
MADDOX, J., concurs specially.
[1] The city stated in its answer to the plaintiffs' complaint that, if requested, it "will issue a building permit to Trotman based upon the plans and specifications presented."
[2] The plaintiffs also claimed damages from the city based on allegations of inverse condemnation. However, the issue whether the summary judgment was proper as to that claim was not argued on appeal and is, therefore, not properly before us. Rule 28(a)(5), Ala.R.App.P.; Kirksey v. Roberts, 613 So.2d 352 (Ala. 1993); Cook v. Latimer, 279 Ala. 294, 184 So.2d 807 (1966).