## CUPIT v. VERNON PARISH SCHOOL BOARD.
### No. 1107.

Court of Appeal of Louisiana. First Circuit.
Jan. 24, 1933.

E. L. Stewart, of De Ridder, for appellant.

A. B. Cavanaugh, Dist. Atty., of Leesville, for appellee. .

LE BLANC, J.

At a meeting of the Vernon parish school board held June 1, 1931, Miss Lucille Cupit was among several who were appointed by a resolution unanimously adopted as teachers for the schools of ward 4 of Vernon parish. Miss Cupit's appointment was for one of the positions in the Pickering High School. On the same day, the school board adopted another resolution by the terms of which all teachers were "hired by the month for the session of 1931–1932." In the certificate of the secretary of the board attesting the correctness of the copies of the resolutions filed in the record, the meeting of June 1, 1931, is referred to as "an adjourned session" of the Vernon parish school board. On September 2, 1931, at what is again referred to as "an adjourned session" of the board, the resolution of June 1, 1931, appointing several teachers, was rescinded in so far as it related to the employment of Miss Cupit.

On March 1, 1932, she instituted this suit against the school board seeking to recover the sum of $85 per month for each school month of the school term of 1931–1932, or the sum of $765, with legal interest from date of judicial demand.

From a judgment awarding her one month salary only, at $85, she has taken this appeal. The defendant board has answered her appeal, asking that her demand be rejected in full.

The rights of either of the parties are governed by Act No. 100 of 1922, the provisions of which are invoked by both.

Section 20 of that act points out the manner in which teachers are to be selected. Primarily, it would seem from the provisions of that section that they are to be selected from nominations made by the parish superintendent. However, under a further provision of the section, a majority of the full membership of the parish school board may elect teachers without the indorsement of the superintendent. Under that same section also the board is given power to employ teachers by the month or by the year, and to fix their salaries. Miss Cupit, as appears from the resolution of the Vernon parish school board referred to, was elected by the board, apparently without having been nominated by the superintendent, and, as also appears from another resolution, the board, exercising the authority it had under the law, employed her, as well as others elected by it on the same day, by the month.

Section 49 of the act under consideration provides that "no person shall be appointed to teach without a written contract for the scholastic year in which the school is to be taught. * * *" Miss Cupit did not allege in her petition that she had any written contract, relying on the contrary on her appointment under the resolution adopted by the school board. Counsel for defendant, grounding himself on the provisions of section 49 of the act and the failure of the plaintiff to have alleged that she had such written contract, filed an exception of no cause of action which was overruled by the lower court, but which he again urges before us. It is to be noted that the requirement of a written contract under that part of section 49 of the act quoted has special reference to those persons who are appointed to teach for the scholastic year in which the school is to be taught. The inference to be drawn is that such contract is not required in the case of a teacher who is employed to teach by the month such as Miss Cupit was. It can readi-

ly be conceived why a written contract, in the teaching profession as well as in any other profession or occupation, where the employment is for a long period of time, would be desirable in order to protect the rights of both parties, whereas in an employment for a short period at the time it may not be necessary. Section 23 of the act makes it the duty of the president of the school board to sign all deeds and contracts for the schools, except the contract with teachers, which, the section further provides, shall be signed by the superintendent and the contracting teachers. But this provision, we take it, relates to the contracts required under section 49, which, as we have indicated, are those only that are entered into for the scholastic year in which the school is to be taught. Should a teacher employed by the school board, without the nomination or indorsement of the parish superintendent, desire to have a written contract signed by the latter, she has the right to enforce her demand therefor, even to the extent of obtaining a writ of mandamus, but the superintendent's duty, in such instance, is held to be merely ministerial. See State ex rel. Floyd v. Hodges, 165 La. 552, 554, 115 So. 747. In that case, moreover, it is noted that the employment of the relator, as principal of the school in which he was to teach, was for the whole year, which brought his case clearly within the provisions of section 49 of the act requiring a written contract in the case of those persons appointed to teach for the scholastic year in which the school is to be taught.

We are of the opinion that the exception of no cause of action was properly overruled by the lower court.

█ Our ruling on the exception indicates plainly our opinion that the employment of Miss Cupit was by the month. In the face of the resolution to that effect adopted on the same day that she and the other teachers for ward 4 of the parish were appointed, it could not be otherwise. Such form of employment was authorized under section 20 of the act, as we have already noted. Her payment having been stipulated at so much, and the employment being by the month, her compensation became payable by the month, which was the period fixed, and it cannot be construed into a question of monthly payments for a longer period. From the testimony admitted by the lower court to show the reason which actuated the school board in rescinding her appointment, it would appear to us that Miss Cupit was dealt with a bit harshly, but still under the nature of her employment, which was by the month, the board had the right to dispense with her services without any cause, at the end of any month. She presented herself at the Pickering High School to which she had been assigned, on the opening day of the term in September, 1931, and offered her services, which were refused. She had relied on being employed there, and had not attempted to secure another position. The district judge held that she was entitled, therefore, to recover the salary due for that month, and accordingly rendered judgment in her favor for the sum of $85. The point might be urged that, since the resolution rescinding the appointment of Miss Cupit was adopted at an adjourned meeting, and therefore in effect the same meeting at which it was made, her appointment never was effective, and she is consequently not entitled to any compensation whatever. Aside from the fact that this adjourned meeting was held more than three months from the meeting at which she had been appointed, it also appears that she was not notified of the final action of the board until September 10, 1931, which was only four days before the opening day of the school term. Certainly there would have been but a very meager chance of her obtaining another position for that month on such a short notice, and we believe that the district judge did not err in allowing her the salary he did.

Judgment affirmed.