343 So.2d 103 (1977)
Ronald DUGAN, Appellant,
v.
CITY OF JACKSONVILLE, a Political Subdivision of the State of Florida, Appellee.
No. AA-282.
District Court of Appeal of Florida, First District.
March 11, 1977.
*104 Eugene G. Peek, III, Jacksonville, for appellant.
William Lee Allen, Jacksonville, for appellee.
BOYER, Chief Judge.
This appeal is taken from a final judgment denying relief from a zoning classification claimed by appellant (plaintiff in the trial court) to be unreasonable, discriminatory, arbitrary and unconstitutional.
Appellant owns a lot in the City of Jacksonville which is located on the northwest corner of LeBrun Drive and Normandy Boulevard. Normandy Boulevard is a principal arterial street with four lanes accommodating an average of 15,000 vehicles per day. Between appellant's property and Normandy Boulevard is a 30-foot drainage and utilities easement. Directly across Normandy Boulevard from the subject property is a 7-11 convenience store. Immediately west of the subject property is another convenience store, a laundry and a professional office. To the east is LeBrun Drive and across LeBrun the backyard of a single family dwelling. To the north is a single family dwelling facing LeBrun.
Appellant sought to have his property rezoned from a residential usage to "CPO" (Commercial, Professional and Offices), the least intensive commercial zoning. The City Council, being the ultimate zoning authority in the City of Jacksonville, denied the application, resulting in this proceeding.
Only two witnesses testified at the trial, appellant (himself a member of the Zoning Board of the City of Jacksonville) and one Richard Quigley, head of the Regulatory Division of the Jacksonville Area Planning Board. Appellant testified that his property was unsuitable for residential purposes because of the high volume of vehicular traffic on Normandy Boulevard and the high noise level and lights from the adjoining commercial properties. Mr. Quigley *105 testified that the Jacksonville Area Planning Board had recommended a CPO classification of the subject property as a buffer between the residences in the Normandy subdivision and the more intensive commercial usages to the south and west. He opined that the property was no longer reasonably suitable for residential use.
The learned trial judge, orally announcing his findings and conclusions at the end of the trial, rejected the testimony of Mr. Quigley and denied appellant relief. No witnesses were called by the City, appellee here.
The law applicable to this type of case was carefully catalogued in Davis v. Sails, 318 So.2d 214 (Fla. 1st DCA 1975), and no useful purpose will be served by repeating it here. As might be expected appellee City urged in the trial court and again here that the proper zoning of the subject property is "fairly debatable" and that therefore the determination by the zoning authority may not be disturbed by the courts. As we stated in Davis v. Sails, supra, it is always a matter for the courts to determine whether a zoning authority acted reasonably and fairly or capriciously and arbitrarily. The record in this case reflects that although appellant's application for zoning was debatable it was not fairly so. The evidence stands uncontradicted, even in the absence of Mr. Quigley's testimony, that the subject property is no longer reasonably suitable for single-family residential purposes and that because of its size (84 feet by 169 feet) it is unsuitable for multi-family usage. The situation depicted by the record in this case is closely analogous to that found in Stokes v. City of Jacksonville, 276 So.2d 200 (Fla. 1st DCA 1973), wherein the City's refusal to grant a zoning request, approved by the trial court, was reversed on appeal.
Appellant urges, and we agree, that the learned trial judge erred in refusing relief in the posture of this case wherein, as above recited, two witnesses testified favorably to appellant's position and there was no contradictory evidence. We are not unmindful that a trial judge, sitting as the trier of facts, where he has an opportunity to observe the witness and his demeanor, has a very broad discretion as to whether he shall believe or disbelieve a particular witness. However, sub judice, even if we sustain rejection of the testimony of witness Quigley, the testimony of the plaintiff, standing uncontradicted, was sufficient to prove a prima facie case in a factually dissimilar case, the Supreme Court of Florida in Vilas v. Vilas, 153 Fla. 102, 13 So.2d 807 (1943), said:
"* * * It appears, therefore, that as the appellant's testimony stood uncontradicted and unimpeached it was at least prima facie proof of the allegations of the petition."
"We recognize the chancellor has a broad discretion in matters of this nature, and that ordinarily his rulings should not be disturbed. But where, as here, testimony is admitted without objection and is not contradicted or impeached in any respect, it should be treated as being received by consent and given all the probative force and effect that its ordinary and usual meaning will afford. Montgomery v. State, 55 Fla. 97, 45 So. 879. And when it consists of facts, as distinguished from opinions, and is not essentially illegal, inherently improbable or unreasonable, contrary to natural laws, opposed to common knowledge, or contradictory within itself, it should not be wholly disregarded or arbitrarily rejected, but should be accepted as proof of the issue for which it is tendered, even though given by an interested party. Brannen v. State, 94 Fla. 656, 114 So. 429. Apparently this rule was not observed." (13 So.2d 808)
Although we find, based upon the record before us, and applying the law announced in Davis v. Sails, supra, that the record fails to reflect a substantial relationship between the subject zoning classification and the promotion of public health, safety, morals or general welfare and that restriction of appellant's property to residential classification, under the facts revealed *106 by the record, renders the zoning classification ordinance unconstitutional in its application, we nevertheless feel constrained to comment upon another issue implicit in the arguments of both parties and in the findings and conclusions of the trial judge.
The appellee City argues mightily, citing Conrad v. Jackson, 107 So.2d 369 (Fla. 1958), that in order for appellant to have prevailed in the trial court it was necessary for him to establish that the adverse effects of the surrounding usages were peculiarly injurious to him differing in kind from that suffered by other neighboring property owners. Appellant's response did not contest application of the law but was an attempt to prove peculiar damage and the same reasoning appears to have been employed by the trial judge while announcing his findings and conclusions. The principle has application in a proper case but not in the case sub judice.
In Conrad v. Jackson, supra, the property owner had constructed a building on his property in violation of a municipal zoning ordinance which his neighbor sought to have enforced, claiming that the building was constructed in direct violation of the ordinance and that independently of the ordinance the building constituted a nuisance which should be abated, seeking to have the building removed. The relief sought in Conrad v. Jackson was not from a zoning ordinance but against a violation of such an ordinance. In that context Justice Thornal, speaking for the Supreme Court, said:
"We mention at the outset that in order to obtain relief against a violation of an ordinance of this nature, a property owner must demonstrate that he suffers peculiar injury and damage different in kind from that suffered by the community at large, as distinguished from a mere difference in degree of injury. * * *" (Emphasis added; 107 So.2d 369)
The relief sought sub judice was not from violation of an ordinance but from imposition of an ordinance. A zoning authority may not under the guise of a zoning regulation or ordinance which bears no material relation to the public health, safety, morals or general welfare confiscate property nor inflict substantial injury on the owner thereof and when the validity of an ordinance, per se or in application, is properly placed in issue it is the duty of the courts to determine its validity as applied to a specific parcel of property. (Davis v. Sails, supra) The fact that other neighboring property owners are also adversely affected by the same conditions which adversely affect a complaining property owner will not defeat the latter's right to relief if the evidence reveals invalidity of the ordinance in general or in its application to him.
Recognizing that we are without authority to require application of any particular zoning classification, but recognizing that the evidence in this case stands uncontradicted that "CPO" is the most restrictive and least intensive commercial classification afforded under the Comprehensive Zoning Code of the City of Jacksonville, and having found that the record clearly establishes that the subject property is not reasonably usable for residential purposes, we reverse and remand with directions that a judgment be entered enjoining imposition of any zoning classification on appellant's property as described in his second amended complaint any more restrictive than CPO.
IT IS SO ORDERED.
RAWLS and McCORD, JJ., concur.