In this case we are called upon to decide whether to affirm the trial court's finding that the City Council of Birmingham acted in an arbitrary, capricious manner in refusing to rezone appellee's property from residential to business.
Issues presented and discussed herein include:
1. In reviewing an action of a municipal or county legislative body, what is the trial court's permissible scope of review?
2. What constitutes a "fairly debatable" question presented to the legislative body so as to remove an adverse decision from the realm of arbitrariness or capriciousness?
Appellee Norris owns several parcels of land on U.S. Highway 78 adjacent to the intersection with Interstate Highway 59-20 in Birmingham, including service stations located on both sides of the highway. It is estimated that the intersection may be the busiest in the state with over 90,000 vehicles passing through it each day. Norris developed plans which would have permitted the building of fast food restaurants on the two parcels of land here in question. The property is zoned for residential purposes only.
The landowner filed a petition to change the zoning; the City Zoning and Planning Commission denied it. The landowner then directly petitioned the Birmingham City Council, the final zoning authority. The Council held a public hearing at which the landowner presented testimony and urged rezoning. Persons opposed to the proposed rezoning also presented testimony. The City Council, by a vote of 5 to 4, denied the rezoning request.
The landowner then filed the present action and alleged:
 "7. The Defendant's failure and refusal to rezone said real property so that same may be used as hereinabove set forth, was arbitrary, capricious and unlawful and has no conceivable relationship to the health, safety, morals or general welfare of the said City of Birmingham or its inhabitants, . . ."
At the hearing ore tenus on the matter in Circuit Court, the landowner and a city councilman testified, as did two expert witnesses hired by the landowner who were not present at the Council's hearing. The experts testified, inter alia, there could be no realistic use of the subject property for residential purposes and the ideal use would be for commercial purposes such as a fast food restaurant. The City did not present any testimony. The trial judge issued an interim decree requesting the City Council to reconsider the matter and hear the additional testimony concerning the usefulness of the property for residential purposes. The City Council refused.
The trial court then entered its final decree finding the City's actions constituted an unauthorized and unwarranted exercise of power, and thereby enjoined the City from enforcing zoning ordinances with respect to the property. From that decision, the City appeals.
The City first claims that the trial court was without jurisdiction to overturn the Council decision. We disagree. In a similar case, this Court opined that it is within the power of the trial court to determine *Page 856 
whether the legislative actions of a municipal council or county commission were arbitrary or capricious, if, in essence, no debatable issue was presented. Aldridge v. Grund, 293 Ala. 333, 302 So.2d 847 (1974), cert. denied 421 U.S. 1007,95 S.Ct. 2411, 44 L.Ed.2d 676. There, this Court stated the issue, as follows:
 ". . . Was there presented to the Commission a debatable issue as to whether or not the rezoning was for the purpose of promoting health, safety, morals, or the general welfare of the county?"
Similarly, in Allen v. Axford, 285 Ala. 251, 231 So.2d 122
(1969), at p. 257, 231 So.2d at p. 127, this Court held:
 ". . . [T]he right of a governing body to enact zoning ordinances is not unlimited, and the ordinance must bear some substantial relation to the public health, safety, morals, general welfare, and general convenience. . . ."
* * * * * *
 ". . . Counsel for appellants set forth the principle well established in our decisions that if the question of zoning or rezoning is fairly debatable, a court will not substitute its judgment for that of the municipal government body acting in legislative capacity. . . ."
In Marshall v. City of Mobile, 250 Ala. 646, 649,35 So.2d 553, 555 (1948), the Court said:
 ". . . Before the courts will interfere, it must be made to appear that such an ordinance passes the bounds of reason and assumes the character of a merely arbitrary fiat."
Although the trial court merely found an unauthorized and unwarranted exercise of power by the City Council, a fair reading of the final decree indicates the court applied the rule of this Court's decisions. The decree noted:
 ". . . [T]he Court is impressed with the fact that there is no apparent valid rationale for a refusal by the said zoning authorities to allow the proposed use of the subject property by the Plaintiff."
In Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388
(1968), the Court held that:
 "Further, if the adoption of the ordinance raises questions upon which reasonable differences may exist in view of all the circumstances, and the wisdom of the ordinance is fairly debatable, then the action of a municipal governing body in adopting the ordinance will not be deemed arbitrary, a court being unwilling under such circumstances to substitute its judgment for that of the municipal governing body acting in a legislative capacity. Leary v. Adams, 226 Ala. 472, 145 So. 391; Episcopal Foundation of Jefferson County v. Williams [281 Ala. 363, 202 So.2d 726]." (Emphasis added.)
In Cudd v. City of Homewood, 284 Ala. 268, 271,224 So.2d 625, this Court said:
 "The word `debatable' means, `Liable to be debated; disputable; subject to controversy or contention; open to question or dispute.' Webster's New International Dictionary, 2d Ed. (Unabridged). * *"
The question of what constitutes a "fairly debatable" question was addressed in Dugan v. City of Jacksonville,343 So.2d 103 (Fla.App. 1977), wherein the Court, ruling on similar facts, held:
 ". . . As might be expected appellee City urged in the trial court and again here that the proper zoning of the subject property is `fairly debatable' and that therefore the determination by the zoning authority may not be disturbed by the courts. As we stated in Davis v. Sails, supra, it is always a matter for the courts to determine whether a zoning authority acted reasonably and fairly or capriciously and arbitrarily. The record in this case reflects that although appellant's application for zoning was debatable it was not fairly so. The evidence stands uncontradicted, even in the absence of Mr. Quigley's testimony, that the subject property is no longer reasonably suitable for single-family residential purposes . . ."
(Emphasis added.) *Page 857 
We find merit in the rule of Dugan. In the instant case, the evidence is undisputed that the subject property is unsuited for residential purposes; therefore, no fairly debatable question upon which the City could base its denial of a rezoning was present.
We cannot agree with the appellant that the trial court erred in considering, in its hearing on the merits, new testimony not previously presented before municipal authorities. The court was under a duty to hear all relevant evidence to ascertain whether or not the City Council acted in an arbitrary and capricious manner. The competent and undisputed expert testimony introduced was clearly relevant in determining whether or not a fairly debatable question was present when the Council decided not to rezone the subject property. In its interim decree, the trial court urged the City Council to reconsider its denial of rezoning in light of the new expert testimony. This is not to say that the trial court is to proceed de novo and substitute its decision on the merits for that of the legislative branch. Rather, the court is limited to testimony to determine whether the legislative branch arbitrarily and capriciously dealt with the appellee's property right. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1960).
Finding the remaining arguments raised by appellants without merit, we hereby affirm.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.