Plaintiffs, Robert T. Cale and Ruth C. Cale, appeal from a finding by the trial court that a Bessemer municipal zoning ordinance which zoned their property for residential use was not arbitrary and capricious as applied to their property. We affirm.
The plaintiffs are owners of a 7 1/2 acre tract of vacant land which is located in the City of Bessemer. The property is triangularly shaped and runs along the southeast side of U.S. Highway 11. It is bordered on the eastern side by residences and on the southern side by a church and undeveloped acreage. For covenience, a map of the area is reproduced: and made a part hereof. The property is presently zoned R-2, which is for residential use. In 1977 the plaintiffs petitioned the City of Bessemer to change the zoning of the property from R-2 to C-4 (commercial) for the purpose of constructing a community shopping center on it. The Bessemer Planning and Zoning Commission unanimously recommended to the Bessemer City Commission the approval of the plaintiffs' application; however, the City Commission, after holding a public hearing, denied the plaintiffs' petition.
The plaintiffs then sought a declaratory judgment and injunctive relief, requesting the trial court to declare the R-2 zoning ordinance invalid as applied to the plaintiffs' property because the R-2 zoning was arbitrary and capricious, bore no substantial relationship to the health, safety, morals or general welfare of the City of Bessemer and was unconstitutional and confiscatory. The complaint also prayed for injunctive relief which would allow the plaintiffs to use their property for a community shopping center. The plaintiffs later amended their complaint by adding a claim which sought to declare the existing zoning ordinance unconstitutional as it deprived the plaintiffs of any reasonable use of their property. At the hearing, conflicting evidence was presented on the value of the land if developed as residential property, the best possible use of the property, and the application of Bessemer's overall zoning plan, especially as it applied to the southeastern side of Highway 11. After hearing the evidence oretenus, the trial judge found in favor of the defendants and declared the R-2 zoning ordinance to be valid. The plaintiffs appealed.
In Come v. Chancy, 289 Ala. 555, 269 So.2d 88 (1972), this Court, quoting Allen v. *Page 961 Axford, 285 Ala. 251, 231 So.2d 122 (1970), stated "`* * * if the question of zoning or rezoning is fairly debatable, a court will not substitute its judgment for that of the municipal government body acting in [a] legislative capacity. * * *'" (Emphasis added.) The "fairly debatable" rule was recently restated in City of Birmingham v. Norris, Ala., 374 So.2d 854
(1979) (quoting from Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388 (1968)):
 [I]f the adoption of the ordinance raises questions upon which reasonable differences may exist in view of all the circumstances, and the wisdom of the ordinance is fairly debatable, then the action of a municipal governing body in adopting the ordinance will not be deemed arbitrary, a court being unwilling under such circumstances to substitute its judgment for that of the municipal governing body acting in a legislative capacity. . . .
Thus, the primary issue is whether the rezoning of this property was "fairly debatable." The evidence showed that the property in question was surrounded by some of the best residential property in the city. Witnesses for the plaintiffs gave their opinions that the property was unsuited for residential use and estimated that the value of the property as presently zoned was between $25,000.00 and $50,000.00, while if it were zoned commercial, its value would be approximately $201,000.00. Witnesses for the city, however, testified that the property had a real use for residential purposes. The City Engineer opined that this land could be subdivided into residential lots and have a value of $215,000.00.
The plaintiffs' witnesses testified that the proposed zoning of this property would be consistent with the trend to commercialize along the highway, and further that it would not violate the master zoning plan of the City of Bessemer. The City's Planning Consultant, however, stated that the comprehensive plan of the City of Bessemer is to have all of the land on the southeast side of Highway 11 remain residential while the other side is to be more heavily commercial. All of the property on the southeast side of the highway for about a mile around the Cales' property is zoned residential.
In City of Birmingham v. Norris, Ala., 374 So.2d 854 (1979), quoting Cudd v. City of Homewood, 284 Ala. 268, 224 So.2d 625
(1969), this Court defined the word "debatable" to mean: "`Liable to be debated; disputable; subject to controversy or contention; open to question or dispute.' Webster's New International Dictionary, 2d Ed. (Unabridged)."
In the instant case, the evidence was clearly disputed as to whether the property in question was properly zoned residential; therefore, a debatable question existed. In light of all of the evidence presented, we find that it was a "fairly debatable" question upon which the court properly based its denial of rezoning.
Moreover, when the trial judge hears the evidence ore tenus, his findings are favored with a presumption of correctness and will not be disturbed unless palpably wrong, without supporting evidence, or manifestly unjust. Gertz v. Allen, Ala.,376 So.2d 695 (1979). Here there was no showing that the finding was either wrong or unjust, and there was ample evidence to support the trial court's finding that the property was correctly zoned for residential use.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 962 
[EDITORS' NOTE: SKETCH IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 963