394 So.2d 937 (1981)
JEFFERSON COUNTY, etc. et al.
v.
Thomas S. O'RORKE et al., etc.
No. 79-827.
Supreme Court of Alabama.
February 20, 1981.
Edwin A. Strickland, County Atty., and Gregory T. Bittner, Asst. County Atty., and James M. Tingle, Birmingham, for appellants.
Robert H. Adams and Douglas Corretti of Corretti & Newsom & Rogers, Birmingham, for appellees.
JONES, Justice.
Plaintiffs-Appellees Thomas S. O'Rorke, Marion Bradford, Kidd W. Reid, Jack E. *938 Held and C. Ray Dudley filed an application on September 19, 1979, for rezoning of property which they own in the Blue Lakes Estates (Cahaba Heights area) of Jefferson County, Alabama. The subject property consists of 17 acres, located in the southeast guadrant of the intersection of Interstate Highway 459 and U. S. Highway 280 in southeast Jefferson County. Prior to the application, the property was zoned under two classifications: 11 acres as A-1 (Agriculture); and 6 acres as R-1 (single-family Residential). Appellees' application requested that the property be rezoned to C-P (Commercial Preferred).
A hearing before the Jefferson County Planning and Zoning Commission, an advisory commission to the Jefferson County Commission, was scheduled for October 11, 1979. Prior to the hearing before the Planning and Zoning Commission, a field and engineering report was submitted to that body on October 8, 1979. The report noted that access to the property would be off Blue Lake Road, that there were no sewage facilities available to the property and that development of the property could adversely affect nearby residential areas because of drainage problems.
A committee report, containing a staff recommendation prepared by three zoning commission staff members, was also submitted to the planning and zoning body prior to the October 11 hearing. While unanimous in their support for the rezoning request, the staff members noted that their position was subject to change in light of information to be presented at subsequent public hearings.
On October 11, 1979, the Jefferson County Planning and Zoning Commission held a hearing on the proposed rezoning. Subsequently, the Commission recommended that Appellees' application be denied.
The Jefferson County Commission reviewed the case on November 13, 1979. At that time, the County Commission had before it the Field and Engineering report, the staff committee report, the recommendation of the Planning and Zoning Commission, letters of opposition to the rezoning from nearby property owners, a traffic study done for Appellees and a report from Environmental Health Consultants, Inc. On November 20, 1979, the three-member Jefferson County Commission denied Appellees' request for rezoning by a vote of two-to-one.
Plaintiffs-Appellees thereafter commenced this action on December 17, 1979, in the Circuit Court of Jefferson County, Alabama. On June 17, 1980, the Circuit Court entered a judgment enjoining Appellants from enforcing any zoning classification on Appellees' land more restrictive than that originally sought by AppelleesC-P (Commercial Preferred). The court further found that the County Commission's actions in denying Appellees' rezoning request were arbitrary and capricious. We affirm.

I. Issues Fairly Debatable

A basic axiom of the law in zoning cases is that a trial court will affirm the decision of a duly constituted municipal body so long as the court finds that decision to be based upon a "fairly debatable" rationale. Aldridge v. Grund, 293 Ala. 333, 302 So.2d 847, cert. den. 421 U.S. 1007, 95 S.Ct. 2411, 44 L.Ed.2d 676 (1974); Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388 (1968).
We concede the ease with which this case might be reviewed through a liberal interpretation of the phrase "fairly debatable." However, we are unable to find refuge in Appellees' contentions by hiding under the "fairly debatable" standard. That an issue is "debatable" answers but half of the dichotomy. It must also be "fairly" debatable. Admittedly, any definition of the term "fairly debatable" will be a subjective one as applied to a given fact situation.
Stating the rule is elementary; applying the rule is more demanding. Appellants strongly urge the existence of a "fairly debatable" issue concerning Appellees' proposed "on site" sewage disposal system. Appellants' position is that the prospective uncertainties concerning the intricate operations of such a multifaceted endeavor lend credence to their assertions. Were this to *939 be the case, Appellees would then be faced with a requirement of specifying to Appellants' satisfaction a scheme so complete and so much in detail as to be unassailable against all inquiry. Obviously, this would be impossible.
At the risk of oversimplification, we see this as a situation where failure by Appellees to implement a manageable "on-site" sewage system will leave them with a multimillion dollar office complex outside the purview of accessibility. Stated another way, if the system performs, the structure is operational. If it doesn't, it's not. The mere inability of Appellees to respond in minute detail to every extreme situation hypothesized by Appellants concerning this sewage system does not raise a "fairly debatable" flag. At any rate, the expert testimony adduced on behalf of the landowners is clear to the conclusion that an adequate and workable "on-site" sewer system can be constructed to accommodate the proposed structure pursuant to prescribed health standards.
As to Appellants' arguments concerning increased traffic flow in the area around Appellees' land as well as the lack of commercial development east of U. S. Highway 280, suffice it to say that we have reviewed their contentions on these issues and find them to be without merit. The preponderance of the evidence of record supports the trial court's de novo finding of the absence of any fairly debatable issue.
A close examination of the facts relating to Appellees' property reveals, among other things, the following: 1) Immediately across U. S. Highway 280 from the property is a tract of land consisting of approximately 232 acres zoned C-1 (Commercial) and scheduled for future use as a regional malltype shopping center and office complex for Southern Services Company; 2) Diagonally across U. S. Highway 280 and 1-459 from the property is a 52-acre tract zoned C-P (Commercial Preferred), upon which South Central Bell is presently constructing its future headquarters for its State of Alabama operations; 3) U. S. Highway 280 is a heavily traveled, four-lane highway which furnishes a principal route from north of the City of Birmingham to the southern part of Jefferson County and the State of Alabama and then to Georgia and Florida; 4) Interstate Highway 459 is currently under construction adjacent to the property and, when completed, will serve as the southern by-pass for the Jefferson County interstate system for highway and local traffic moving in an east-west direction around the City of Birmingham; and 5) The noise and vehicular fumes from U. S. Highway 280 and I-459 (when completed) will be extremely heavy.
The trend of the law across the United States seems to be toward a more practical application of the "fairly debatable" rule. The development of interstate highways and busy thoroughfares has considerably changed the residential character of many areas. With this change has come the realization that "outmoded zoning regulations can become unreasonable, and the zoning authority's failure to suitably amend or modify their ordinances can become arbitrary, in which event courts can and should grant appropriate relief." II Metzenbaum, Law of Zoning, 1125 (2d Ed. 1955).
Whether a zoning authority acted reasonably and fairly or capriciously and arbitrarily is always a matter for the courts to determine. Dugan v. City of Jacksonville, 343 So.2d 103 (Fla.App.1977). Refusal to rezone from residential is not "fairly debatable" when the subject premises are no longer useful for residential purposes as a result of significantly changed conditions in the immediate area. Stokes v. City of Jacksonville, 276 So.2d 200 (Fla.App.1973). See, also, Lakewood Development Co. v. Oklahoma City, 534 P.2d 23 (Okl.App.1975), for an analysis of the "fairly debatable" concept.
"`There must be a substantial and reasonable relationship between the need for zoning restrictions and the public health, morals, safety or welfare to justify interference, by exercise of the police power, with an owner's right to the enjoyment of his property. Only in the presence of such necessity will he be required to *940 make a personal sacrifice for the good of the people....'"
Davis v. Sails, 318 So.2d 214, at 225 (Fla. App.1975), quoting from City of Miami Beach v. Lachman, 71 So.2d 148 (Fla.1953).
When a zoning restriction exceeds bounds necessary for the welfare of the public, it must be stricken as an unconstitutional invasion of property rights. Burritt v. Harris, 172 So.2d 820 (Fla.1965). In City of Boca Raton v. Boca Villas Corp., 371 So.2d 154 (Fla.1979), the Florida Supreme Court stated:
"... even though there was expert testimony adduced in support of the City's case, that in and of itself does not mean the issue is fairly debatable. If it did, every zoning case would be fairly debatable and the City would prevail simply by submitting an expert who testified favorably to the City's position. Of course that is not the case. The trial judge still must determine the weight and credibility factors to be attributed to the experts...."
While we might easily recite an entire treatise on the "do's" and "dont's" of zoning, suffice it to say we are satisfied that the evidence and documents of record, in light of the cited authorities, amply support the actions of the trial judge in granting Appellees' rezoning claim. Likewise, we are cognizant of our recent holding in Cale v. City of Bessemer, 393 So.2d 959 (Ala. 1980), in which, applying these same principles, we affirmed the trial court's finding that the property there in question was correctly zoned for residential use. The dissimilarity of Cale, supra, and the instant case is readily apparent on the face of the record in each case. In Cale, the trial court's de novo finding of a fairly debatable issue was amply supported by the evidence of record.
Therefore, we respond to Appellants' contentions on this appeal as follows: 1) The trial court's conclusion that the issues before the Jefferson County Commission, while debatable, are not "fairly" debatable is amply supported by the evidence; consequently, the traditional presumption of propriety afforded the zoning authority's determination is not present here; 2) the trial court's findingthat relegating the use of Appellees' land, in effect, to nothing more than a "buffer zone," in view of its surroundings, amounts to arbitrary and capricious action by the Jefferson County Commissionis sustained by the proof; 3) the trial court is supported by the record in its determination that there was no practical, suitable, or realistic use for Appellees' property under an "Agriculture" or "Residential" zoning classification; and 4) the trial judge did not exceed his authority in reversing the actions of the County Commission.
AFFIRMED.
SHORES and BEATTY, JJ., concur.
TORBERT, C. J., and MADDOX, J., concur specially.
MADDOX, Justice (concurring specially).
The trial court found that the County acted arbitrarily and capriciously in refusing to rezone the subject property. In making that determination, it is apparent that the trial court applied the principle set forth in City of Birmingham v. Norris, 374 So.2d 854 (Ala.1979). Consequently, I concur in the result and vote to affirm the trial court's decision under the principle of law that an appellate court ordinarily does not review or interfere with the exercise of discretion by the court below in cases involving decisions of administrative bodies. 73 C.J.S. Public Administrative Bodies and Procedure § 252, p. 617 (1951).