The City of Gadsden appeals from a circuit court decree holding invalid its ordinance rezoning a lot from residential to business classification. We find that the trial court erred in holding that the City's action was "arbitrary and capricious and not in accordance with a comprehensive plan," and, therefore, we reverse and remand with directions.
The lot in question, 406 South Fourth Street in Gadsden, is owned by James S. Phillips (defendant-intervenor below), who sought to relocate his Century 21 real estate office onto the property. The property had been zoned R-3 Multi-Family Residential since Gadsden adopted a city-wide comprehensive zoning ordinance in 1949. Phillips initially requested a variance, but was instructed to apply for rezoning. On June 5, 1980, the Board of Commissioners of the City of Gadsden adopted Ordinance 0-26-80, which changed this property to B-2 General Business. Phillips has used the property for his office since that date.
The block of South Fourth Street in which Phillips's lot is situated is bounded on the north by Bay Street and on the south by Cherry Street. Many of the lots in this vicinity are now used for business under either a variance or a B-2 zoning classification. In fact, the first two lots on both sides of South Fourth Street south of Bay Street are zoned B-2, and Phillips's lot is the third lot on the east side. To the rear of Phillips's lot, on the west side of South Third Street, the entire block between Bay Street and Cherry Street is zoned B-2. Thus, the Zoning Board instructed Phillips to apply for a zoning change rather than a variance because his property was bounded to the north and east by a B-2 district.
Medical Arts Lab operates an annex under a variance on the east side of South Fourth Street four lots south of Phillips's property. On the west side of this block of South Fourth Street are six buildings operated as businesses under variances — three doctors' offices, a dentists' office, an insurance office, and a building that houses realty, insurance and dentist offices.
Plaintiffs in this case are residents of the neighborhood who object to its residential character being eroded. They entered into evidence a petition signed by some ninety area residents who object to the rezoning of 406 South Fourth Street. We are sympathetic to the complaints of these plaintiffs who wish to preserve the neighborhood in which many of them have lived for most of their lives.
However, judicial review of local zoning decisions is extremely limited and narrowly confined. City of Birmingham v.Morris, 396 So.2d 53 (Ala. 1981).
 While the court is given the power to review the validity vel non of an ordinance or other legislative act, it is not given the power to review the wisdom or unwisdom, or the rightness or wrongness of laws passed by the legislative power delegated to the City Council of the City of Birmingham, or like bodies.
 "Every intendment is to be made in favor of the zoning ordinance and the matter was largely in the legislative discretion of the municipal authorities. . . . Here the city Commission is acting in the exercise of a legislative function and with a wide degree of discretion."
Episcopal Foundation of Jefferson County v. Williams, 281 Ala. 363, 202 So.2d 726 (1967) (citations omitted). *Page 269 
A court should overturn a zoning ordinance only if it finds the action of the municipal body to be arbitrary and capricious. The test for making this determination was set out in Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388
(1968): "[I]f the adoption of the ordinance raises questions upon which reasonable differences may exist in view of all the circumstances, and the wisdom of the ordinance is fairly debatable, then the action of a municipal governing body in adopting the ordinance will not be deemed arbitrary. . . ."Id., at 108. This test, with emphasis on the "fairly debatable" aspect, has been applied consistently by this Court. E.g., Cityof Birmingham v. Morris, 396 So.2d 53 (Ala. 1981); Cale v. Cityof Bessemer, 393 So.2d 959 (Ala. 1980); City of Birmingham v.Norris, 374 So.2d 854 (Ala. 1979); and Come v. Chancy, 289 Ala. 555, 269 So.2d 88 (1972).
Although the decree of the court below states that the action of the City in adopting the ordinance was arbitrary and capricious, we do not find support in the record for this holding. As the facts set out above indicate, it is at least "fairly debatable" that the character and use of property in the neighborhood is changing to business and professional offices. With so much business property in the immediate vicinity of this lot, we cannot say that the action of the City was mere "arbitrary fiat." Episcopal Foundation of JeffersonCounty v. Williams, supra.
The trial court's decree also states that the ordinance is not in accordance with a comprehensive plan. The parties agree, however, that the City of Gadsden does have a comprehensive zoning plan that covers the whole city. It is well settled in this state that an ordinance amending a comprehensive plan does not itself have to be comprehensive. Grund v. Jefferson County,291 Ala. 29, 277 So.2d 334 (1973); Haas v. City of Mobile,289 Ala. 16, 265 So.2d 564 (1972); Episcopal Foundation ofJefferson County v. Williams, supra.
Therefore, the decision of the court below is reversed and the cause is remanded for the court to vacate its decree and enter one sustaining the validity of Ordinance 0-26-80, as it applies to 406 South Fourth Street, Gadsden, Alabama.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.