I must respectfully disagree with the majority's holding that the refusal to rezone the subject property was arbitrary and capricious. The law which governs our review in zoning cases like this is stated in City of Birmingham v. Morris,396 So.2d 53 (Ala. 1981), as follows:
 "In the recent decisions of Jefferson County v. O'Rorke, 394 So.2d 937 (Ala. 1981), and Cale v. City of Bessemer, 393 So.2d 959 (Ala. 1980), the Court reiterated its abiding adherence to the rule of law that a trial court must not disturb the zoning decision of a duly constituted municipal body so long as that decision is based upon a `fairly debatable' rationale. A zoning determination is said to be fairly debatable `when for any reason it is open to dispute or controversy on grounds that make sense or point to a logical deduction that in no way involves its constitutional validity,' Miami Beach v. Lachman, 71 So.2d 148 (Fla. 1953), or where the evidence provides a basis for a fair difference of opinion as to the application of the determination to particular property. See generally, 1 R. Anderson, American Law of Zoning, § 3.20 (2nd ed. 1977).
 "By virtue of this `fairly debatable' rule, the role of the judiciary in zoning cases is extremely limited and the dimensions of judicial review are narrowly confined. 4 E. Yockley, Zoning Law and Practice § 25-2 (4th ed. 1979); 4 R. Anderson, American Law of Zoning § 25.26 (2nd ed. 1977). Courts must recognize that zoning is a legislative function committed to the sound discretion of municipal legislative bodies, not to the courts. Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388 (1968); Marshall v. City of Mobile, 250 Ala. 646, 35 So.2d 553 (1948). As a result, local governing authorities are presumed to have a superior opportunity to know and consider the varied and conflicting interests involved, to balance the burdens and benefits and to consider the general welfare of the area involved. Episcopal Foundation of Jefferson County v. Williams, 281 Ala. 363, 202 So.2d 726 (1967); Leary v. Adams, 226 Ala. 472, 147 So. 391
(1933). They, therefore, must of necessity be accorded considerable freedom to exercise discretion not diminished by judicial intrusion. Walls v. City of Guntersville, 253 Ala. 480, 45 So.2d 468 (1950). Nevertheless, this discretion is not unbounded, and local authorities may not, under the guise of legislative power, impose restrictions that arbitrarily and capriciously inhibit the use of private property or the pursuit of lawful activities. When such arbitrary and capricious action is made apparent, a reviewing court will not hesitate to disturb the zoning determination as a clear abuse of discretion."
In that case we affirmed a determination by the trial court that the city's refusal to rezone was not "fairly debatable," and the facts in that case supported a finding that *Page 798 
the zoning authorities had clearly abused their discretion. There, the property owners presented evidence that the zoning authority, by affirmative governmental action, had permitted nonconforming uses of adjacent property, and had effectively frustrated the use of the petitioners' property for residential purposes. In Morris, there was also substantial evidence of the changed nature of the neighborhood and the deleterious effect that these governmentally authorized changes had had upon the property for which rezoning was sought.
As I view the facts of this case, they can in no way compare with the factual situation present in Morris; consequently, I would affirm the judgment of the trial court.
FAULKNER, J., concurs.