FERGUSON, Judge.
Appellant Dade Savings owns two single-family structures on lots in a residential area west of its business premises. The business is located on a strip of land zoned for commercial use which fronts busy Northwest 7th Avenue in North Miami. A paved alley in the rear of Dade Savings and other businesses is used to service the commercial structures. The alley runs several blocks north-south through the City of North Miami and serves to separate commercial lands from single-family homes, including the two single-family lots owned by Dade Savings.
Appellant seeks review of a circuit court order, entered after a de novo hearing, which approved an order of the City Council for the City of North Miami denying a zoning change as to appellant’s two parcels of land from single family to “Parking District,” a specific land use category provided for in the city’s zoning code. Appellant contends that the city’s refusal to rezone was unreasonable and confiscatory. The circuit court determined that the city’s denial of the request for rezoning was fairly debatable.
The city council decided that the paved alley should continue as the buffer between commercial and residential property. We have held on another occasion, recently, that it is entirely appropriate for a street to serve as a divider between zoning districts. Allapattah Community Association, Inc. of Florida v. City of Miami, 379 So.2d 387 (Fla. 3d DCA), cert. denied, 386 So.2d 635 (Fla.1980). As was observed by our supreme court in City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364, 366 (1941), and quoted in Allapattah Community, 379 So.2d at 394:
The fact that his land is situated across the street from that on which commercial enterprises may be operated was not alone enough to support plaintiff’s position that he should be given the same latitude in the use of his property. Were this the case it would be but a matter of *862 time before alterations of the whole scheme by successively liberalizing the use of abutting property would result in disintegration and disappearance of the whole plan of zoning.
Appellant demonstrated only that it wished to use the two lots west of the alley for additional business parking space. There is not the required showing that the desired zoning change is related to the public welfare, Dugan v. City of Jacksonville, 343 So.2d 103 (Fla. 1st DCA 1977), or that the city’s zoning decision was arbitrary or unreasonable, and therefore not fairly debatable. Miles v. Dade County, Board of County Commissioners, 260 So.2d 553 (Fla. 3d DCA 1972).
Affirmed.